**EXHIBIT**

**A**

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS
EIGHTEENTH JUDICIAL DISTRICT-WEST, FIRST DIVISION

AGNUS A. PARNELL,
PLAINTIFF

Vs.                    NO. CV-2014-189

FRED'S, INC., and FRED'S STORES OF TENNESSEE, INC.,
DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Agnus A. Parnell, by and through her counsel,

the Law Offices of J. Brent Standridge, P.A., by J. Brent Standridge, and for

her Complaint, would state and show unto the Court as follows:

### I.

Defendant Fred's, Inc., is a Tennessee corporation with its principal

office at 4300 Getwell Road, Memphis, TN 38118-6801, and is doing

business in the State of Arkansas, owning and operating retail stores that sell

consumer goods.  Defendant Fred's Stores of Tennessee, Inc., is a subsidiary

of Fred's Inc., is incorporated in Tennessee as well with the same principal

office as that of Fred's Inc., and does business in the State of Arkansas.

Both Defendants own and/or are responsible for the operation of Fred's

Dollar Store in Polk County, Arkansas, and are legally responsible for the

actions and omissions of employees working at the store.

II.

Plaintiff Agnus A. Parnell is and was at all relevant times herein a resident of Polk County, Arkansas.

III.

This lawsuit is brought pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, and such jurisdiction is established under Article 7, §11, of the Constitution of the State of Arkansas, and granted by Ark. Code Ann. §16-13-201, *et seq*. Personal jurisdiction exists over Defendant. Jurisdiction and venue of this action is proper in the Circuit Court of Polk County, Arkansas. Venue is proper under Ark. Code Ann. §16-60-112 in the Plaintiff is, and has been at all times pertinent hereto, a resident of Polk County, Arkansas, where the injury occurred.

IV.

On August 7, 2011, Plaintiff was shopping at the Fred's Super Dollar store in Mena, Polk County, Arkansas, when, as she was approaching the exit to go out of the store after shopping therein, caught her foot on a ripped rug which caused her to fall and impact the floor resulting in injuries to her person which required medical treatment, including surgery. Subsequently, she made a claim for her injuries which was investigated by the entity handling liability claims for Fred's Inc., but following such investigation

liability was denied. *See* letter attached hereto as "Plaintiff's Exhibit A" and incorporated herein by reference as though set out word for word.

## V.

As owners and/or occupiers of real property open to the public, Defendants owed a non-delegable duty of ordinary care to Plaintiff and other customers of the store to keep the premises reasonably safe for their benefit. Defendants breached said duty of care and were negligent, said negligence being the proximate cause of Plaintiff's injuries and damages. Said negligence consisted of, but was not limited to, the following: failing to fasten the rug to the floor, failing to properly inspect and maintain the rug so that it would not have defects, rips, and tears in it which would cause the feet of patrons to become entangled in it, failing to remove the rug altogether from the floor especially considering its condition, failing to exercise ordinary care, and any other acts or omissions of negligence as the proof in this cause shall bear out.

## VI.

In addition to these individual allegations of negligence, Plaintiff is entitled to a jury instruction on res ipsa loquitur (AMI 610), due to the following: Defendants owed a duty to Plaintiff of ordinary care by virtue of Plaintiff's status as an invitee on Defendants' premises; the hazardous

condition and incident was caused by an instrumentality, namely a rug in a state of disrepair, that was under the exclusive control of Defendants; the hazardous condition and incident which caused the injury was one that, in the normal course of events, would not have occurred had Defendants, who exercised control over the rug, used proper care in maintaining and/or avoiding its presence; and no other entity but Defendants were responsible for exercising dominion and control over this rug.

VII.

As a result of the Defendants' negligence, Plaintiff Agnus A. Parnell sustained injuries, medical bills, mental anguish, and pain and suffering. Plaintiff's right knee was injured by the impact and fall to the floor such that it ripped the ligaments therein and required her to undergo surgery to attempt to repair the torn ligaments, as well as other medical treatment. Additionally, her right shoulder and wrist were injured by the fall. She suffered pain as a result of all her injuries and was required to take prescription pain medication for the pain which she endured.

VIII.

Plaintiff seeks compensation as a result of her injuries and medical bills incurred pursuant thereto as well as compensation for her mental anguish and pain and suffering.

IX.

Plaintiff demands and requests a trial by jury in this matter pursuant to the Arkansas Constitution, Art. 2, §7, and Rule 38 of the Arkansas Rules of Civil Procedure.

WHEREFORE Plaintiff prays for judgment against the Defendants for compensatory damages in an amount in excess of that required for federal court diversity jurisdiction, with the amount thereof to be determined by the trier of fact; for costs herein expended; for pre-judgment and post-judgment interest, for attorney's fees, and for any and all other just and proper relief to which she may be entitled.

Respectfully submitted,

AGNUS A. PARNELL, PLAINTIFF

THE LAW OFFICES OF J. BRENT STANDRIDGE, P.A

By: J. Brent Standridge, AB#85151
111 West South Street
P.O. Box 494
Benton, AR 72018
(501) 315-5292
Fax: (501) 778-8855
standridgelaw@yahoo.com
www.brentstandridge.com

ATTORNEY FOR PLAINTIFF

*PLAINTIFF'S EXHIBIT A*

Sedgwick CMS
P O Box 14423
Memphis TN, 38118-2434



**Sedgwick CMS**
Sedgwick Claims Management Services. Inc.
Phone: (866)856-4805 Fax: (901)566-3415

August 09, 2011

AGNUS PARNELL
103 NINTH STREET
MENA, AR 71953

Our Client: Fred's, Inc.
File #: 30110860013-0001
DOI: 08/07/2011

Dear Ms. Parnell:

This is in reference to the difficulties that you experienced on 08/07/2011. It is our policy to investigate each claim thoroughly and fairly to determine if Fred's bears any responsibility for our customer's loss.

Sedgwick Claims Management Services handles general liability claims on behalf of Fred's. After careful review, our investigation is now complete and we regret to inform you that it was determined this incident occurred with no negligence or fault attributable to Fred's.

While we do understand that this is a most unfortunate situation for you, we must remain consistent in our practice of handling claims in which Fred's is not liable for an incident involving our store locations or store employees.

We hope that you understand our position in this matter. We do value you as a customer and we hope that you will continue to patronize our Fred's establishments. If you have any further questions or concerns, please address these to the undersigned for handling on behalf of Fred's.

Sincerely,

Lana DeLuca
Claims Examiner I

Cc: Fred's Inc., Attn: Risk Department, 4300 New Getwell Rd., Memphis, TN 38118

8/9/2011                    301108600130001                    562011080908929