IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AGNUS PARNELL                                                                                   PLAINTIFF

v.                                       No. 2:14-cv-02254

FRED'S, INC.; and FRED'S STORES OF
TENNESSEE, INC.                                                                              DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the parties' joint motion to remand. (Doc. 7). The parties move to remand this case to state court based on "correspondence from Plaintiff's counsel stipulating and agreeing that the amount in controversy is less than $75,000." *Id*. For the reasons set forth below, the motion will be denied.

First, the "stipulation" is simply correspondence between counsel for the parties to this action. The agreement outlined in the correspondence states only defense counsel's understanding that Plaintiff "has agreed to stipulate that she is not seeking damages in excess of $75,000." (Doc. 7-1). This indicates that (1) Plaintiff has not yet actually signed a stipulation but has merely agreed to do so and (2) Plaintiff has agreed not to *seek* damages in excess of $75,000. The agreement says nothing as to whether the Plaintiff would nonetheless accept an award in excess of $75,000 if a trier of fact were to find such an award to be appropriate.

Second, even if Plaintiff had signed an appropriate stipulation, or if the Court were to accept the exhibit correspondence, "[i]t is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817 , 822 (8th Cir. 2011). Events subsequent to removal may be relevant

to a jurisdictional inquiry only insofar as the events may shed light on the amount actually in controversy at the time of filing of the complaint and/or at the time of removal. *Id*. at 823. Here, Plaintiff pleaded in her complaint (Doc. 3) that she was seeking "judgment against the Defendants for compensatory damages in an amount in excess of that required for federal court diversity jurisdiction . . ." "[T]he sum claimed by the plaintiff in good faith is usually dispositive" unless "it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." *Schubert*, 649 F.3d at 822. Defendants removed the case based on the allegations in Plaintiff's complaint, invoking the Court's diversity jurisdiction. Neither party has shown or argued that, contrary to the assertion in Plaintiff's complaint, Plaintiff's claim is actually for less than the jurisdictional amount. Instead, the parties seek to divest the Court of jurisdiction by agreement. The agreement outlined in the exhibit correspondence does nothing to shed light on the actual amount in controversy at the time of removal; rather, it is an agreement to amend what Plaintiff specifically requested in her complaint. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

     Allowing the parties to remand a case by agreement—where it appears that the Court has jurisdiction—would be contrary to the law set forth above and would also undermine judicial efficiency. The issue of jurisdiction must be firmly decided when first raised. Otherwise, a case may proceed, with the Court expending resources and perhaps deciding issues contrary to the parties' liking, only to have the parties agree later that they in fact prefer a state-court venue after all. Retaining jurisdiction once validly invoked in removed cases serves the dual purpose of encouraging

precise pleading in state court and discouraging procedural gamesmanship in federal court.

IT IS THEREFORE ORDERED that the parties' joint motion to remand (Doc. 7) is DENIED.

IT IS SO ORDERED this 30th day of January, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE